# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF IDAHO

| | |
|---|---|
| IN RE ) | |
| ) | Case No. 09-21056-TLM |
| A'S INC., ) | |
| ) | Chapter 11 |
| Debtor in Possession. ) | |
| _____ ) | |

## SUMMARY DECISION
_____

## BACKGROUND

On September 25, 2009, a voluntary chapter 11 petition was filed by A's Inc., dba Macullen's ("Debtor"). Debtor is an Idaho S corporation.[1] The petition was signed by Daniel Aherin as President of A's, Inc.[2] The petition was not signed by an attorney.

On October 6, Sheree Chui-Hsing Teng ("Creditor") filed a motion to dismiss or convert the case under § 1112(b). Doc. No. 5 ("Dismissal Motion").[3] Creditor asked for, and obtained, an order shortening the required time for that

___

[1] Though the state of Debtor's incorporation is not necessarily clear in the petition that was filed or in the statement of financial affairs, later materials filed by Debtor include a copy of an Idaho S corporation tax return. *See* Doc. No. 13.

[2] The statement of financial affairs, Doc. No. 11, indicates that Daniel Aherin is the 100% owner of the Debtor.

[3] All citations to chapter, section or other statutory provisions are to the Bankruptcy Code, Title 11 U.S. Code §§ 101-1532, unless indicated otherwise.

SUMMARY DECISION - 1

hearing. Doc. Nos. 4, 8. Hearing is scheduled for October 27, 2009.

On October 14, 2009, Darrel Aherin appeared as counsel for Debtor, filing several pleadings and documents, many of which are discussed below. Darrel Aherin is a licensed Idaho attorney and a member of the Bar of this Court.

Among the pleadings is an application, Doc. No. 18 ("Application"), for Court approval of Debtor's employment of Darrel Aherin as its counsel. *See* § 327(a). Accompanying the Application is the verified statement required of proposed estate professionals by Fed. R. Bankr. P. 2014(a). *See* Doc. No. 19 ("Statement"). The Statement discloses that Darrel Aherin is the father of the Debtor's President, Daniel Aherin. In addition, the Statement discloses that Darrel Aherin is a "guarantor/co-debtor" regarding certain debts owed by Debtor. *Id.*

Darrel Aherin objected to Creditor's motion to shorten time for hearing the Dismissal Motion, *see* Doc. No. 22, even though that motion to shorten time had already been granted by the Court. *See* Doc. No. 8. He also requested the Court vacate that hearing, *see* Doc. No. 21 ("Vacation Motion"), contending he will be unavailable the week of October 27. He asks, for and on behalf of Debtor, that the hearing on the Dismissal Motion be continued to November 17, 2009.

The Court determines the record provides adequate information upon which to enter this Summary Decision on Debtor's application to employ Darrel Aherin, the Vacation Motion and the objection to the motion to shorten time.

SUMMARY DECISION - 2

**DISCUSSION AND DISPOSITION**

The Dismissal Motion asserts, among other things, that a corporation must have counsel in order to file a viable bankruptcy petition. That is unarguably so, as a legal entity such as a corporation has no ability to file or prosecute a bankruptcy case "pro se" and must appear through an attorney. *See*, *e.g.*, *Rowland v. Cal. Men's Colony*, 113 S.Ct. 716, 721 (1993) (reiterating that "a corporation may appear in the federal courts only through licensed counsel"); *Licht v. Am. West Airlines*, 40 F.3d 1058, 1059 (9th Cir. 1194) (recognizing that "[corporations . . . must appear in court through an attorney"); *Spencer C. Young Invs.*, 2009 WL 901654 (Bankr. M.D.N.C. Feb. 4, 2009) (dismissing pro se corporate debtor's case for, among other reasons, failure to obtain counsel during the first two months of the case despite due and proper notice); *see also* LBR 9010.1(d)(3).

At times, improperly advanced "pro se" corporate bankruptcy cases are saved by the prompt appearance of counsel. However, to be counsel for a chapter 11 debtor in possession, an attorney must meet the requirements of § 327(a). That section provides that such professionals must "not hold or represent an interest adverse to the estate," and further requires they be "disinterested persons." Section 101(14) defines a disinterested person as meaning, among other things, a person who "is not a creditor, an equity security holder, or an insider." *See* § 101(14)(A). An "insider" of a corporation (such as Debtor here) is defined as a

SUMMARY DECISION - 3

director or officer, or person in control or – importantly – a "relative of a . . . director, officer, or person in control of the debtor." *See* § 101(31)(B)(vi).

Darrel Aherin is, by his own statement, a relative (the father) of Daniel Aherin, an officer (the President) and the person in control of Debtor. Darrel Aherin is therefore not a disinterested person, and may not properly be employed as counsel for Debtor under § 327.[4]

The Court will therefore deny the Application, Doc. No. 18, seeking approval of Darrel Aherin's employment.

With the denial of that Application, Darrel Aherin's unavailability on October 27 creates no issue with the hearing on the Dismissal Motion as he would not be able or allowed to represent Debtor at such hearing. The Court will therefore overrule that objection, and deny the Vacation Motion.

However, the Court presumes Debtor relied on the appearance and participation of Darrel Aherin, who filed or assisted in filing numerous pleadings and documents between October 14 and 23. Debtor may be prejudiced if faced with the hearing on October 27 without counsel. The Court has determined that, under all the circumstances, another approach is appropriate and will be taken.

---

[4] As noted, the Code's definition of disinterested person also excludes those who are "creditors." *See* § 101(14)(A). It may well be that Darrel Aherin's status as a "guarantor" or "co-debtor" of Debtor would make him a creditor, given the breadth of the Code's definitions of "claim" and "creditor." *See* § 101(5), § 101(10). The Court need not reach this issue, however, as one disqualifying condition or capacity is sufficient to prohibit approval of employment.

SUMMARY DECISION - 4

Under its authority under § 105(a) and its general inherent powers, the Court will:

1. Vacate the hearing scheduled for October 27, 2009.

2. Order Debtor to appear through counsel qualified to represent it no later than fourteen (14) days from the date of this Summary Decision and Order, to wit, on or before November 9, 2009. If counsel so appears, the hearing on Creditor's Dismissal Motion will be held on November 17, 2009, at 10:00 a.m., PST, at the United States Courthouse, 220 E. 5th St., Moscow, Idaho, 83843.[5]

3. If Debtor fails to timely appear through counsel by November 9, 2009, Creditor's Dismissal Motion will be granted and this case will be dismissed without further notice or hearing.

An Order so providing will be entered.

DATED: October 26, 2009

TERRY L. MYERS
CHIEF U. S. BANKRUPTCY JUDGE

---

[5] As the November 17, 2009, hearing will be conducted by video conference, interested parties (including but not limited to the Office of the United States Trustee) may appear at 11:00 a.m., MST, in the Court's courtroom at the James A. McClure Federal Building and United States Courthouse, 550 W. Fort St., Boise, Idaho, 83724.

SUMMARY DECISION - 5

**CERTIFICATE OF SERVICE**

     A "notice of entry" of this Decision, Order and/or Judgment has been served on Registered Participants as reflected by the Notice of Electronic Filing. A copy of the Decision, Order and/or Judgment has also been provided to non-registered participants by first class mail addressed to:

A's Inc.
dba Macullen's
1516 Main
Lewiston, ID 83501

Case No.  09-21056-TLM

Dated:  October 26, 2009

     /s/
Suzanne Hickok
Law Clerk to Chief Judge Myers